**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 12-cv-1318-WJM

FRANK A. CRAIG,

      Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

      Defendant.

---

**ORDER REVERSING ADMINISTRATIVE LAW JUDGE'S DECISION AND
REMANDING TO THE COMMISSIONER FOR REHEARING**

---

This social security benefits appeal is before the Court under 42 U.S.C. § 405(g).

Plaintiff Frank A. Craig ("Plaintiff") challenges the final decision of Defendant, the

Commissioner of Social Security ("Commissioner"), denying his application for disability

insurance benefits.  The denial was affirmed by an administrative law judge ("ALJ"),

who ruled Plaintiff was not disabled within the meaning of the Social Security Act

("Act").  Plaintiff filed a request for review of the ALJ's decision with the Appeals

Council, which determined that there was no basis for changing the ALJ's decision.

This appeal followed.

For the reasons set forth below, the ALJ's decision denying Plaintiff's application

for Social Security disability benefits is reversed and the case is remanded to the

Commissioner for rehearing.

## I.  BACKGROUND[1]

Plaintiff was born on September 19, 1965, and was 43 years old on the alleged disability onset date.  (Admin. Record ("R.") (ECF No. 7) at 45.)  Plaintiff is a high school graduate and has past relevant work experience as a car mechanic and as the manager of a vehicle repair shop, a position he held for eight years.  (R. at 21.)

Plaintiff began treating with Dr. Mark Meyer, M.D., a specialist at the Surgical Center at Premier in Colorado Springs, Colorado, on August 2, 2007.  (R. 20, 188.)  Dr. Meyer diagnosed Plaintiff with facet arthralgia and degenerative disc disease in three discs.  (R. at 20.)  Plaintiff continued to work until November 1, 2008.  (R. at 17.)

Plaintiff filed an application for disability insurance benefits on February 2, 2009, alleging that he had been disabled since November 1, 2008 due to several impairments, including degenerative disc disease and accompanying severe back pain. (R. at 15, 17.)  Plaintiff's application for benefits was initially denied on June 1, 2009. (R. at 15.)  After requesting a hearing, Plaintiff's claims were heard by ALJ William Musseman on August 17, 2010.  (*Id.*)  Plaintiff and vocational expert Dennis J. Duffin testified at the administrative hearing.  (*Id.*)  Medical evidence and opinions were provided by Dr. Meyer, state medical consultant "M. Brenner," and several others.  (R. at 20-21.)

At the hearing before the ALJ, Plaintiff testified that he was limited to sitting and standing for 30 to 45 minutes each, could walk for 30 to 60 minutes, could lift no more

---

[1]  The following background focuses only on the elements of Plaintiff's medical history that are relevant to the Court's analysis, *i.e.*, Plaintiff's degenerative disc disease and back pain.  The Court omits all discussion of Plaintiff's mental health history and other impairments.

than 40 pounds, and had to lie down to rest on a heating pad for a total of two to three hours per day.  (R. at 19.)

On November 1, 2010, the ALJ issued a written decision in accordance with the Commissioner's five-step sequential evaluation process.[2]  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since November 1, 2008, the alleged onset date.  (R. at 17.)  At step two, he found that Plaintiff suffered from degenerative disc disease of the lumbar spine and high blood pressure, both severe impairments.  (*Id.*)  At step three, the ALJ found that Plaintiff's conditions did not meet any of the impairments or combination of impairments listed in the social security regulations.  (R. at 17-18.)  The ALJ then assessed Plaintiff's residual functional capacity ("RFC"), finding that he had the RFC to perform "light" work as defined by the regulations, but imposing several limitations, including the requirement of a "sitting standing option," permitting occasional bending, squatting, kneeling and climbing, and no moving machinery or temperature extremes.  (R. at 18.)

In establishing this RFC, the ALJ gave "great weight" to the opinion of M. Brenner, a state medical consultant who had reviewed the record and was familiar with Social Security Regulations, but had never examined Plaintiff.  (*See* R. at 20.)  The ALJ's RFC adopted the limitations in M. Brenner's opinion.  (R. at 18, 20.)  The ALJ also discussed

---

[2]  The five-step process requires the ALJ to consider whether a claimant: (1) engaged in substantial gainful activity during the alleged period of disability; (2) had a severe impairment; (3) had a condition which met or equaled the severity of a listed impairment; (4) could return to his past relevant work; and, if not, (5) could perform other work in the national economy.  *See* 20 C.F.R. § 404.1520(a)(4), 416.920(a)(4); *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988.)  The claimant has the burden of proof through steps one to four; the Social Security Administration has the burden of proof at step five.  *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

the medical records provided by Dr. Meyer and the other physicians, but no other physician in the record before the ALJ provided an opinion on Plaintiff's physical RFC. (R. at 20-21; 177-345.)  The ALJ considered Plaintiff's testimony, and found it not to be credible regarding the intensity, persistence, and limiting effects of Plaintiff's impairments, to the extent that they were inconsistent with the RFC.  (R. at 19.)

Given the RFC, at step four the ALJ found that Plaintiff could perform his past relevant work as a vehicle repair shop manager as it was generally performed in the national economy.  (R. at 21.)  Accordingly, the ALJ found that Plaintiff was not disabled within the meaning of the Act, and therefore did not proceed to step five.  (*Id.*)

On September 29, 2010, Dr. Meyer completed a questionnaire regarding Plaintiff's medical condition as of the date of Plaintiff's last visit with Dr. Meyer, which was April 29, 2010.  (R. at 346.)  The questionnaire included Dr. Meyer's opinion regarding Plaintiff's RFC.  (R. at 346-49.)  Although it was completed prior to the date of the ALJ's decision, it was not offered into the record for the ALJ's consideration.  (R. at 4-5.)   Instead, Plaintiff submitted Dr. Meyer's questionnaire as new evidence to be considered by the Appeals Council when he filed a request for review of the ALJ's decision.  (R. at 1-5.)

The Appeals Council considered Dr. Meyer's opinion, and made it part of the record.  (R. at 1-5.)  Nevertheless, the Appeals Council denied Plaintiff's request for review on March 20, 2012, finding that the new evidence did not provide a basis for changing the ALJ's decision.  (R. at 2-3.)  Thus, the ALJ's November 1, 2010 decision is the final decision of the Commissioner for purposes of review.  (R. at 1.)

## II.  STANDARD OF REVIEW

The Court reviews the Commissioner's decision on Plaintiff's entitlement to
disability benefits to determine whether substantial evidence in the record as a whole
supports the factual findings and whether the correct legal standards were applied.
*Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009).  Substantial evidence is such
relevant evidence as a reasonable mind might accept as adequate to support a
conclusion.  *Id*.  "It requires more than a scintilla, but less than a preponderance."  *Lax
v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).  Evidence is not substantial if it is
overwhelmed by other evidence in the record.  *Grogan v. Barnhart*, 399 F.3d 1257,
1261-62 (10th Cir. 2005).  In reviewing the Commissioner's decision, the Court may
neither reweigh the evidence nor substitute its judgment for that of the agency.  *Salazar
v. Barnhart*, 468 F.3d 615, 621 (10th Cir. 2006).  "On the other hand, if the ALJ failed
to apply the correct legal test, there is a ground for reversal apart from a lack of
substantial evidence."  *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

An ALJ's "decision on the merits [and] a denial of a request for review by the
Appeals Council both . . . constitute final decisions and can be reviewed by the federal
district court."  *Brandtner v. Dep't of Health & Human Servs.*, 150 F.3d 1306, 1307 (10th
Cir. 1998) (citing 20 C.F.R. § 404.981); 20 C.F.R. § 404.970(b).

## III.  ANALYSIS

On appeal, Plaintiff raises three principal arguments: (1) the ALJ failed to take
into account Plaintiff's severe pain in formulating Plaintiff's RFC and at step four; (2) the
ALJ erred in evaluating Plaintiff's credibility; and (3) the ALJ erred in formulating the

RFC.  (ECF No. 12 at 10-21.)  Within Plaintiff's third argument regarding the formulation

of the RFC, Plaintiff also argues that the Appeals Council erred in not appropriately

considering the opinion of Dr. Meyer, Plaintiff's treating physician.  (*Id.* at 20.)  The

Court will address this last argument first, given that in the Court's view the inclusion of

Dr. Meyer's opinion in the record thoroughly altered the weight of the evidence, and that

as a consequence it was error for the Appeals Council to deny Plaintiff's request for

review.

A.      **Dr. Meyer's Opinion**

Plaintiff contends that the Appeals Council failed to consider the medical opinion

of Dr. Meyer, Plaintiff's treating physician, which was presented to the Appeals Council

as new evidence after the hearing before the ALJ.  (ECF No. 17 at 17-21.)  The

Commissioner responds that the new evidence *was* considered, but the Appeals

Council found that it did "not provide a basis for changing the [ALJ]'s decision."[3]  (*Id.*;

*see* R. at 2.)

"Under 20 C.F.R. §§ 404.970(b) and 416.1470(b), the Appeals Council must

consider evidence submitted with a request for review if the additional evidence is (a)

---

[3] The Commissioner also contends that because Plaintiff's argument regarding this new evidence was "cursory" and was not adequately briefed, the Court should decline to consider it. (ECF No. 15 at 21.)  In support of this contention, the Commissioner cites cases in which courts have declined to consider an inadequately briefed argument.  (*Id.*)  The Court agrees that such a decision is within its discretion, but despite the Commissioner's implication that the Court therefore *should* decline to consider such an argument, nothing in the cases cited by the Commissioner—or any other authority of which the Court is aware—compels restricting the Court's discretion in this way.  (*See id.*)  The Commissioner responded to the argument, indicating that Plaintiff's treatment of it in the brief was sufficient for notice purposes. Accordingly, the Court will consider Plaintiff's argument regardless of the obvious inadequacy of his  briefing on this issue.

new, (b) material, and (c) related to the period on or before the date of the ALJ's decision." *Chambers v. Barnhart*, 389 F.3d 1139, 1142 (10th Cir. 2004) (internal quotation marks and brackets omitted).  If the new evidence qualifies for consideration, "[t]he Appeals Council shall evaluate the entire record including the new and material evidence submitted . . . .  It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record."  20 C.F.R. § 404.970(b); *see also O'Dell v. Shalala*, 44 F.3d 855, 859 (10th Cir. 1994) (holding that qualifying new evidence becomes part of the record for purposes of judicial review).

In the instant case, the Appeals Council considered Dr. Meyer's opinion and incorporated it into the record.  (R. at 2-5.)  As Dr. Meyer's opinion was new, was material to the determination of the RFC, and related to the period covering Dr. Meyer's treatment history up to the date of Plaintiff's most recent visit (which was prior to the date of the ALJ's hearing), the Court agrees with the Appeals Council that Dr. Meyer's opinion was appropriate for consideration.  (*See* R. at 346.)  Accordingly, the Appeals Council was tasked with evaluating the entire record, both the evidence that was before the ALJ and the new evidence, to determine whether to review the case.  *See* 20 C.F.R. § 404.970(b).  The Appeals Council was to review the case if it determined that the ALJ's opinion was "contrary to the weight of the evidence" in the record augmented by the new evidence.  *Id.*

Because the new evidence included an opinion by Dr. Meyer, Plaintiff's treating physician, it presumptively bore significant weight.  The opinion of a treating physician

7

is generally "entitled to great weight because it reflects expert judgment based on continuing observation of a patient's condition over a prolonged period of time." *Williams v. Chater*, 923 F. Supp. 1373, 1379 (D. Kan. 1996). Indeed, a treating source opinion merits controlling weight, as long as two requirements are met: (1) "the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques," and (2) "the opinion is consistent with other substantial evidence in the record." *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003) (citing 20 C.F.R. §§ 404.1527, 416.927). If the opinion does not merit controlling weight because one of these two requirements is lacking, the ALJ must then determine what weight, if any, the opinion deserves, considering six factors that include the length, nature, and extent of the treatment relationship, the physician's specialization, and the consistency between the physician's opinion and the record as a whole. *Id.* at 1301.

Because the Appeals Council here denied review of Plaintiff's case without discussion, the Court has no way to determine whether the Appeals Council applied the correct legal standard in considering Dr. Meyer's opinion. However, the Court can examine the Appeals Council's decision *not* to review Plaintiff's case by determining whether the ALJ's opinion still aligns with the weight of the evidence in the record.

The ALJ's RFC determination included consideration of the objective medical evidence (including Dr. Meyer's medical records), medical opinions, and Plaintiff's testimony. (R. at 18-21.) The ALJ determined that while Plaintiff's testimony was not credible regarding the intensity of his pain symptoms and their limiting effects, the objective medical evidence "support[ed] the severity of the claimant's physical back

impairment." (R. at 19.)  However, in formulating the limitations to incorporate into

Plaintiff's RFC, the ALJ cited only one physical medical opinion,[4] that of M. Brenner, a

non-examining medical consultant.  (R. at 20.)  It is not apparent whether M. Brenner is

a physician, but it is clear that M. Brenner's opinion was based upon the medical

evidence in the record and upon M. Brenner's experience with Social Security

regulations, not on any direct examination of Plaintiff.  (R. at 320-26.)  The ALJ adopted

the limitations in M. Brenner's RFC assessment.  (R. at 18.)

The limitations in Dr. Meyer's opinion of Plaintiff's RFC differ significantly from

those in M. Brenner's opinion.  While M. Brenner would permit Plaintiff to spend up to 6

hours of an 8 hour workday sitting or standing as long as Plaintiff could alternate

periodically between the two, with occasional stooping (R. at 321-22), Dr. Meyer's

opinion states that Plaintiff is "unable to sit/stand > 30 min." and can neither bend nor

stoop.  (R. at 347-48.)  Because of these conflicts, an ALJ considering both medical

opinions necessarily would have to find that one opinion outweighed the other.  Even if

the opinion of Dr. Meyer—a treating physician who had multiple opportunities to

examine Plaintiff—was not given controlling weight, an ALJ considering it would still

have to weigh it against the opinion of a medical consultant that never examined the

patient.

Furthermore, as compared to M. Brenner's opinion, Dr. Meyer's opinion aligns

more closely with Plaintiff's own testimony of his limitations, which included sitting and

---

[4] The ALJ also cited two medical opinions regarding Plaintiff's mental impairments.  (R. at 20-21.)  As Plaintiff has not contested the ALJ's decision regarding those impairments, they are not relevant to the Court's analysis.  (*See* ECF No. 12.)

standing for only 30 to 45 minutes each.  (R. at 19.)  Accordingly, if Dr. Meyer's opinion was found to merit controlling weight, it would lend credence to Plaintiff's testimony, and could affect the ALJ's determination of Plaintiff's credibility with regard to the limitations resulting from his symptoms.

The Court will not speculate on the weight the ALJ would have given to the opinions in question had they both been before him, nor will the Court "substitute its judgment for that of the agency." *Salazar*, 468 F.3d at 621.  Nevertheless, it is clear that a medical opinion from a treating physician—which generally merits controlling weight and which contradicts the opinion of a non-examining medical consultant—must be thoroughly evaluated in accordance with case law and Social Security regulations, and if it is to be rejected, such rejection must follow an analysis of the requisite factors. *See Watkins*, 350 F.3d at 1301 (holding that where a treating physician's medical opinion is found not to be controlling, the ALJ must "give good reasons" for the weight to be assigned to it, and "if the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so.") (internal citations omitted); 20 C.F.R. § 404.1527(d)(2); Soc. Sec. Ruling (SSR) 96–2p, 1996 WL 374188, at *4.

Because the medical opinion of a treating physician presumptively bears controlling weight, the addition of Dr. Meyer's opinion to the record here shifts the weight of the evidence supporting Plaintiff's RFC formulation so substantially that the ALJ's decision now appears to be "contrary to the weight of the evidence."  *See* 20 C.F.R. § 404.970(b).  Accordingly, the Appeals Council should have reviewed the case to determine whether the ALJ's decision was still supported by substantial evidence.

*See id.* Thus, the Court finds that the Appeals Council erred in failing to review Plaintiff's case after the addition of Dr. Meyer's opinion to the record. Because this error resulted in the Appeals Council's decision to let the ALJ's opinion stand, the Court finds that it requires remanding the case to the Commissioner for rehearing before the ALJ on the complete record. *See* 42 U.S.C. § 405(g).

**B. Other Arguments**

Plaintiff raises three additional issues related to the sufficiency of the underlying proceedings before the ALJ. Because the Court finds that the Appeals Council's failure to review Plaintiff's case alone requires remand, the Court need not address the other arguments Plaintiff raises. *See Madrid v. Barnhart*, 447 F.3d 788, 792 (10th Cir. 2006) (when the error affected the analysis as a whole, court declined to address other issues raised on appeal).

The Court expresses no opinion as to Plaintiff's other arguments, and neither party should take the Court's silence as tacit approval or disapproval of how the evidence was considered. It is entirely possible that, after considering the new evidence, the ALJ could arrive at the same conclusion and find that Plaintiff is not disabled under the Act. The Court does not intend by this opinion to suggest the result that should be reached on remand; rather, the Court encourages the parties, as well as the ALJ, to consider the evidence and the issues anew.

## III. CONCLUSION

For the reasons set forth above, the Commissioner's decision is REVERSED and this case is REMANDED to the Commissioner for rehearing.

Dated this 22nd day of May, 2013.

BY THE COURT:

William J. Martínez
United States District Judge